UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24224-CIV-SEITZ/SIMONTON

HICA EDUCATION LOAN CORPORATION,

        Plaintiff,

v.

SEAN T. KENNIFF,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment [DE-12]. This matter arises from Defendant's alleged default on a student loan. Defendant was served with the Complaint on December 20, 2011 and on February 15, 2012, a Clerk's Default was entered against Defendant [DE-8]. The Court will grant the Motion for Default Judgment because Plaintiff is entitled to judgment against Defendant on the defaulted student loan.

### I. Findings of Fact

Based on the allegations in the Complaint, the Court finds as follows. On April 22, 1991, Defendant signed a Promissory Note in the amount of $20,000.00 (the Note). The amount of the loan was advanced to Defendant. The Note was sold, transferred, and assigned to Plaintiff by the Student Loan Marketing Association (SLMA). Plaintiff's duly appointed and acting servicing agent is Sallie Mae, Inc.

Defendant has failed to make the payments due and owing under the Note in accordance with the terms of the Note. As a result, the principal sum now due and owing on the Note is $34,470.76. As of February 8, 2012, the unpaid interest is $943.05, accrued late charges are $22.82, and interest continues to accrue at the rate of $2.94 per diem.

## II. Conclusions of Law

Upon review of the record, including the Complaint, the Note, and the Declaration of Robin Zimmerman in Support of the Motion for Default Judgment [DE-12-2], and because Defendant has not responded to the Complaint or otherwise defended this action, Plaintiff is entitled to entry of a default judgment in the amount of the unpaid principal on the Note, the unpaid accrued interest, and the unpaid late fee. Consequently, Plaintiff is entitled to entry of a default judgment in the amount of $35,426.63 with additional prejudgment interest from February 9, 2012 to the date of entry of this Order and concurrent judgment at the rate of $2.94 per day.

Plaintiff also seeks post-judgment interest at the rate proscribed in the Note, pursuant to 42 U.S.C. § 292d(d). Section 292d(d) states:

> (d) Applicability of certain laws on rate or amount of interest
> No provision of any law of the United States (other than subsections (a)(2)(D) and (b) of this section) or of any State that limits the rate or amount of interest payable on loans shall apply to a loan insured under this subpart.

There is nothing in the language of this statute that indicates that it would apply to post-judgment interest. The statute specifically addresses the interest rate payable on "loans." Once the Court enters a judgment, interest will no longer be accruing on a "loan;" it will be accruing on the judgment. Thus, Plaintiff is not entitled to post-judgment interest at the rate prescribed in the Note.

Accordingly, it is

ORDERED that:

(1) Plaintiff's Motion for Default Judgment [DE-12] is GRANTED.

(2) The Court shall enter judgment in a concurrently filed order.

(3) This CASE IS CLOSED.

(4) All motions not otherwise ruled upon are DENIED AS MOOT.

DONE and ORDERED in Miami, Florida, this 26th day of March, 2012.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record